UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SIATUA MATAAFA,

        Defendant.

NO. CR. 08-286 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Siatua Mataafa's ("defendant") motion to suppress evidence seized during a warrantless seizure and search of her person and property by officers of the Sacramento Police Department on June 5, 2008. The court heard defendant's motion on December 1, 2008 and made certain findings with respect to the motion on the record. Those findings are not repeated herein.[1]

---

[1] Defendant moved to suppress, alternatively, on the ground that the traffic enforcement stop of the vehicle in which defendant was riding was unconstitutional; the court orally announced its findings on the record on that issue, concluding the stop of the vehicle was reasonable under the Fourth Amendment because the officers observed the driver driving the vehicle without a properly attached license plate, thereby providing

1

1    This order concerns only the question of whether the search
2 of defendant's purse was reasonable under the Fourth Amendment as
3 a parole search or search incident to arrest.  The facts
4 essential to this question are not in dispute.  In short, on June
5 5, 2008, two officers of the Sacramento Police Department, acting
6 without a search warrant, stopped a car in which defendant was a
7 back-seat passenger.  The officers ordered everyone out of the
8 car, and specifically ordered defendant to leave the black purse
9 she was holding in her hand inside the car.  Defendant complied
10 and put her purse down in the car, and then she exited the
11 vehicle.  After arresting the driver, who was a parolee, and
12 placing him in a patrol car, an officer searched defendant's
13 purse and found a loaded .380 semiautomatic pistol inside it.
14 Defendant was not on parole.  Defendant moves to suppress the gun
15 as evidence in this case.

16    Defendant's motion must be granted as the search of
17 defendant's purse was not permitted either as a parole search or
18 search incident to the arrest of the parolee driver.  First, the
19 Ninth Circuit has recognized that a purse owner has a reasonable
20 expectation of privacy in the contents of her purse.  "Indeed, a
21 purse is the type of container in which a person possesses the
22 highest expectations of privacy."  United States v. Welch, 4 F.3d
23 761, 764 (9th Cir. 1993).  Thus, the Ninth Circuit held in Welch
24 that Welch's co-defendant McGee, who consented to a search of his
25 rental car, could not consent to the search of Welch's purse
26 which was in the car, as Welch was simply a passenger in the car

27 ───────────────────────

28 probable cause to stop the vehicle.

2

and the government could not establish that McGee had either actual or apparent authority to consent to the search of his companion Welch's purse. Id. (holding that because the government could not show "mutual use" or "joint control" by McGee over the purse, there was "simply nothing in the record" to show McGee could consent to the search of Welch's purse). Similarly, in United States v. Vaughan, 718 F.2d 332 (9th Cir. 1983), the Ninth Circuit held that officers did not have authority to search defendant Vaughan's briefcase. Vaughan was the back-seat passenger in a car stopped by police pursuant to an arrest warrant on the driver. When Vaughan exited the car, he carried his briefcase under his arm and started to walk away; officers stopped him and searched the briefcase. As there was no doubt Vaughan owned the briefcase, the court held that the search was not justified pursuant to the arrest warrant for the driver of the vehicle or pursuant to any lawful arrest of Vaughan, as at the time of the search, the police were ignorant of Vaughan's identity and, in any event, had no cause to arrest him. Id. at 334.

Citing Welch, in a recent California case raising nearly identical facts to this case, the California court of appeal held that the search of a passenger's purse was unlawful as it was not justified as a parole search conducted on the basis of the vehicle driver's parole status. United States v. Baker, 164 Cal. App. 4th 1152 (2008). Like defendant here, defendant Baker was a passenger in a vehicle stopped for a traffic violation; the driver was a parolee. Id. at 1156. Baker voluntarily left her purse in the car and did not expressly identify the purse as

3

hers.  However, the court held that the search of the purse could not be justified as incident to a parole search of the driver absent "reasonable suspicion that the purse belonged to the driver, that the driver exercised control or possession of the purse, or that the purse contained anything belonging to the driver."  Id. at 1159.  Relying on Welch, the court held that the parole search of the driver could not lawfully extend to another person's belongings, such as a purse, which is "an inherently private repository for personal items."  Id.

This court finds Baker persuasive and a correct extension of the law as developed in Welch and Vaughan.  Indeed, the facts in this case, demonstrating a lack of control and possession of the purse by the driver here, are stronger than in Baker.  In the instant case, the officer concedes he initially saw defendant "holding a black purse that had multi-colored rings on it. [He] asked [defendant] once again to keep her hands free, put the purse down, and exit the vehicle, which she did."  (Ex. A to Def.'s Mtn. to Suppress, filed Aug. 27, 2008.)  Thus, defendant tried to exit the vehicle with the purse but was instructed not to do so, and she complied.  (Id. at Ex. B.)  The purse was located in the back seat of the car and there is no evidence that the parolee driver had access to the purse or had any belongings in it.  Under these facts, the court cannot find the search lawful as incident to a parole search of the vehicle based on the driver's parole status.

The court also cannot find the search lawful as incident to the arrest of the driver on a parole violation warrant.  As support, the government cites Wyoming v. Houghton, 526 U.S. 295

4

(1999), but its reliance on Houghton is misplaced because that case concerns the "automobile exception" to the warrant requirement, not the "search incident to arrest" exception. The automobile exception permits a warrantless search of an automobile and its contents if the search is supported by probable cause; in other words, the exception is triggered only when police have probable cause to believe a car contains contraband. This circumstance is not present in this case. The government does not contend that the officers here had probable cause to search the vehicle, and the court finds no facts to support such a finding. The driver in this case was stopped for a traffic violation. No other criminal activity was suspected. There were no furtive movements, nothing to suspect that narcotics were being used or transported in the car, and no suspicion of any criminal endeavor. The officers also expressed no reason to believe that anyone in the automobile was armed or dangerous.

   To the contrary, in Houghton, having observed a syringe in the driver's pocket and having obtained the driver's admission that "he used it to take drugs," "the police officers had probable cause to believe there was illegal drugs in the car." Id. at 298, 300. Therefore, the Court held that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search," which included defendant Houghton's purse that she had left in the back seat of the car. Id. at 298, 307. The police and the government make no such claim about the car in this case.

5

1        The government also cites <u>New York v. Belton</u>, 453 U.S. 454
2   (1981) in support of its argument that the search of defendant's
3   purse was justified as a search incident to the driver's arrest.
4   In <u>Belton</u>, the United States Supreme Court held that the lawful
5   custodial arrest of a vehicle's occupant permits officers, even
6   without probable cause, to contemporaneously search the passenger
7   compartment of the vehicle and any containers therein.  <u>Id.</u> at
8   460.  At oral argument, counsel for the government argued that
9   pursuant to <u>Belton</u>, and as extended by <u>Houghton</u>, the officers in
10  this case were permitted to search the interior of the driver's
11  vehicle and any containers therein, as well as all occupants of
12  the vehicle.  According to the government, the valid custodial
13  arrest of the driver in this case authorized the officers to
14  perform any and all of these searches.  The government misapplies
15  the controlling law.  Indeed, the government's argument extends
16  the controlling law far beyond its contours.

17       While the government properly cites to <u>Belton</u> in that <u>Belton</u>
18  involved the search incident to arrest exception to the warrant
19  requirement, <u>Belton</u>'s holding is inapplicable to the facts of
20  this case, as expressly recognized by the Ninth Circuit in
21  <u>Vaughan</u>, discussed above.  In <u>Vaughan</u>, the Ninth Circuit
22  specifically addressed the search incident to arrest exception
23  and rejected its applicability to facts that cannot reasonably be
24  distinguished from the facts of this case.  The <u>Vaughan</u> court
25  held "the district court was correct in concluding that the
26  search [there was] not authorized by *Belton*" because Vaughan took
27  the briefcase with him when he exited the car, and there was no
28  doubt as to his ownership of the briefcase.  <u>Vaughan</u>, 718 F.2d at

334.  Similarly in this case, there is no dispute that the purse belonged to defendant, and defendant tried to take the purse with her when exiting the car.  She was not able to do so because she complied with the officer's order to leave the purse in the car.  However, this fact does not render Vaughan inapposite to this case.  Upon first arriving on the scene, one of the officers observed defendant holding the purse in the back seat of the car, and when she attempted to exit the car she tried to take the purse with her, thus making it clear that the purse belonged to her.  In doing so, like Vaughan, defendant left police without cause to search the purse under Belton.  Id.  In sum, the fact that the officer ordered defendant to leave the purse in the car does not confer authority upon the officer to search the purse incident to the custodial arrest of the driver.  To hold otherwise, would extend Belton well beyond its intended parameters.

The court does note, however, the government's legitimate concern over issues pertaining to officer safety in these types of circumstances.  However, the ultimate discovery of a gun in defendant's purse cannot provide grounds for a search under the Fourth Amendment.  The Fourth Amendment addresses only the facts known to the officer *prior* to the search.  In this case, based on the above discussion of controlling case law as applied to the facts in this case, the search of defendant's purse could not legally be performed as part of the parole search of the driver or as incident to the driver's arrest.

///

///

1  Therefore, the court GRANTS defendant's motion to suppress
2  evidence.
3  IT IS SO ORDERED.
4  DATED: December 1, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE